## John R. Large, Plff. in Err., v. Richard Coyle.

Where an attorney at law, who has made a special contract with his client for fees for collecting a claim, has refused or neglected to pay over the money collected, has been unreasonable in his conduct, subjecting his client to annoyance and expense, and compelled him to bring suit for the recovery of the money, he forfeits his fees and is bound to pay over the moneys received, without reference to his fees at all.

(Argued November 9, 1887. Decided January 3, 1888.)

October Term, 1887, No. 36, W. D., before GORDON, Ch. J., PAXSON, STERRETT, and WILLIAMS, JJ. Error to the Common Pleas No. 1 of Allegheny County to review a judgment in favor of the plaintiff in an action of assumpsit. Affirmed.

This was an action brought by Richard Coyle against John R. Large, an attorney at law, to recover certain moneys collected for the plaintiff.

The following facts appeared at the trial before STOWE, P. J.:

November 19, 1883, Coyle employed the defendant to collect moneys, rents, etc., coming to him from the estate of his wife, Ann Coyle, deceased. By an agreement in writing the defendant was to receive 25 per cent of all sums collected. November 23, 1883, by a second written agreement the defendant was to receive 50 per cent on all moneys coming to plaintiff through his wife's interest in the estate of Sarah McDonough.

In reference to the execution of the second agreement Coyle testified that he met Large on the street and that Large told him that "he had found out something more about that case, such as stocks and things belonging to it; and I asked him where did he find them, and he says, It's none of your business where I found them; I found them anyhow; says I, Where did you find them, in bank, or where did you find them? he says, We don't care where I found them, I found them out anyhow; says he, How much are you going to give me on them? Well, says I, I don't know; I give you 25 per cent; how much do you want? says he, I want the half; well then I couldn't help it, the thing

NOTE.—The same determination was made in Shoemaker v. Stiles, 102 Pa. 549, and in Bredin v. Kingland, 4 Watts, 420. But the compensation is not forfeited by a failure to pay over the sum collected, when it is not more than sufficient to cover the fees and expenses. McDaniels v. Cutler, 3 Brewst. (Pa.) 57.

is soon coming to court, and I couldn't help it, and I gave him half."

Large collected $758.92 altogether. Of this amount $136.35 was paid on account of a judgment against Coyle, and $190.88 was paid directly to Coyle in sundry small amounts. To secure these payments Coyle was compelled to personally solicit them. The first direct payment was made on August 4, 1884, and a receipt was given for it "on account of money collected from the estate of Ann Coyle, deceased, leaving a balance of $120.63."

The plaintiff testified that when this receipt was given Large told him that he "had used his money and would get it as soon as he absolutely needed it." Large subsequently acknowledged that the balance stated in the receipt was incorrect.

Seventy-two dollars was paid to an attorney employed by Coyle.

The defendant claimed that after deducting his commissions at 25 and 50 per cent according to the agreements a small balance was due to him.

The court charged, *inter alia,* as follows:

The client had a right to make a bargain with the attorney; the bargains were made, and if the attorney appears to have acted in bad faith, or to have done anything he ought not to have done against the consent of the client, he has forfeited his claim for fees, if the jury should find, as they would in that case, that the attorney has retained money that he had no right to retain. But you will observe in this case that the contention of Mr. Large is this: that at the time he got the money, and his testimony, if you believe his theory of the case, is, that all the money, deducting his proper fees, has been paid over to the plaintiff. If that is so, then the fact that he resisted an unjust claim for moneys that he had a right to retain himself would not, in any shape or form, have a tendency to forfeit his fees that he had already earned.

If, however, the jury find that he has been unreasonable in his conduct, that he has refused or neglected to pay over the money that ought to have been paid, and in that way harassed the plaintiff, compelling him to bring suit to recover the money he ought to have paid without suit, then, in that view, Mr. Large would have no right to recover the fees at all. The contract for fees would be, as far as this case is concerned, treated as a nul-

lity; and the plaintiff should recover the whole amount of the claim, the money, I mean, that Mr. Large had received that he was bound to account for to him, without reference to fees at all, from all the facts in the case. Mr. Large says he got this money. He says he made a statement of balance that turned out to be a mistake in his favor, which he subsequently agreed to correct, and that the plaintiff agreed to wait for the money. If the plaintiff did that, Mr. Large certainly was in no default, so far as the forfeiture of fees was concerned; and if he paid him within a reasonable time all that he was bound under his contract to pay him, of course the plaintiff has no case here. But if he refused to pay him that which he ought to have accounted to him for under the contract with him, and delayed him, and when he paid Mr. Petty the amount of money he paid him, did not pay all he ought to have paid, and in that way drove the plaintiff to bring his action, then the rule of forfeiture applies, and he is bound to pay over the moneys received without reference to his fees at all.

Verdict and judgment for plaintiff for $347.25.

The assignments of error specified the action of the court: (1) In not charging the jury that the relation of attorney and client was changed into that of debtor and creditor by receipt showing a payment of $40 and a balance of $120.63, which was a settlement; (2) in not charging the jury that having accepted the money and given receipts for the same, after the settlement in the said first receipt, ratified the settlement shown by first receipt and an assent to wait for the payment of the money; and (3) in not charging the jury that there could be no forfeiture of fees on money collected from the estate of Ann Coyle in the first account, because there was not sufficient to pay the defendant as per agreement dated November 19, 1883, *viz.,* money collected as per decree of court, $498.19; claims against Richard Coyle, ordered to be paid by decree of court, $399.16, leaving $99.03; commission on $498.19, $124.54, a deficit of $25.51.

*John R. Large* plaintiff in error, *pro se.*

*Geo. W. Acklin* for defendant in error.

PER CURIAM:
Judgment affirmed.